IN THE DISTRICT COURT FOR THE VIRGIN ISLANDS
BANKRUPTCY DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE:<br><br>DENNIS ALAN CUNNING,<br><br>Debtor. | Case No 3:11-30011 MFW<br><br>Chapter 7<br><br>Hearing Date: 3/15/12  10:00 a.m. AST<br><br>Response Date: 3/8/12 |

## MOTION FOR RELIEF FROM
## AUTOMATIC STAY AND TO LIMIT SERVICE

COMES NOW Aviva Life and Annuity Company ("**Aviva**"), a creditor and interested party, by and through the undersigned counsel, and in support of its Motion for Relief from Automatic Stay ("**Motion**"), pursuant to Bankruptcy Code §362(d) and Bankruptcy Rule 4001, in order to conduct discovery of Debtor's surety and potentially assert a third-party claim against Debtor's surety, states to the Court the following:

### FACTS AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C.§ 1334 and 11 U.S.C. § 362.

2. Debtor, Dennis Alan Cunning ("**Debtor**"), filed a Chapter 7 bankruptcy petition ("**Petition**") on July 1, 2011.

3. Aviva is a named party defendant in a Federal Court action entitled *Vladimir Kushnir and V-4 Management, LLC ("**Plaintiffs**") v. Aviva Life & Annuity Company*, pending in the United States District Court for the Eastern District of Pennsylvania as Case No. 2:11-cv-07701-JD (hereinafter the "**Civil Action**"), which was filed on December 16, 2011. A true and

correct copy of the Complaint, without exhibits, in the Civil Action is attached hereto as **Exhibit A**.[1]

    4.    As indicated in the Complaint, Plaintiffs allege that Debtor, along with other entities[2] and individuals, made negligent, false and misleading representations to the Plaintiffs as part of a successful effort to induce the Plaintiffs to purchase certain investment, tax, insurance and pension products (collectively herein "insurance products") in connection with a pension plan referred to as a "412i plan" designed by the Debtor, other individuals and entities, and allegedly Aviva. According to the Complaint, the Debtor represented to Plaintiffs that the insurance products were safe and secure investments, with specific U.S. Internal Revenue Service-approved tax advantages. Plaintiffs allege that Debtor and the other individuals and entities were acting as Aviva's agents. If such representations were given, they are alleged to have been negligently and/or fraudulently rendered, and constitute a breach of contract and a breach of fiduciary duty owed to the Plaintiffs. These claims are believed to fall within the coverage of the Debtor's errors and omissions professional liability policy, of which the Debtor is believed to be a named insured.

    5.    Plaintiffs in the Complaint seek an award of declaratory relief, compensatory and punitive damages, attorney's fees and other relief allegedly incurred as a result of the wrongful conduct of the Debtor and the other individuals and entities named in the Complaint.

    6.    Aviva seeks leave of the Bankruptcy Court in order to:

    a. pursue discovery of Debtor's errors and omissions insurance policy, as Aviva has yet to obtain a copy of the applicable errors and omissions policy due to the stay's limitations on discovery with the Debtor; and

---

[1] The Civil Action does not currently name Dennis Cunning ("Cunning"), Pension Professionals, L.L.C., Pension Professionals, Inc., or Pension Professionals of America, Inc. as defendants, but Aviva is contemplating a third party action against Cunning and the entities for indemnity and contribution for their actions underlying the Plaintiffs' claims against Aviva.

[2] Pension Professionals, L.L.C., Pension Professionals, Inc., and Pension Professionals of America, Inc. are all entities believed to be owned by Cunning.

2

  b. Potentially assert its claims for contribution and indemnity against Debtor, liability for which would fall within the coverage of the Debtor's errors and omissions insurance policy.

7. Aviva agrees to limit its recovery to the insurance proceeds available under the applicable errors and omissions policy. Alternatively, if it is determined that liability insurance coverage is not available to the Debtor or inadequate to cover any liability in connection with its underlying conduct, Aviva seeks leave to nevertheless permit adjudication of the Debtor's fault in the underlying Civil Action, and that judgment in accordance with any degree of fault attributable to the Debtor be entered, *but without any execution or enforcement of any such judgment against Debtor.*

## LEGAL AUTHORITY

8. The Bankruptcy Code explains the categories of property that make up the estate, which, at the time of the filing of the Bankruptcy Petition, include "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor's liability insurance policy is generally considered property of the estate. The decisions in individual cases are controlled by the language and scope of the specific policies at issue. *In re Downey Financial Corp.*, 428 B.R. 595, 603-605 (Bankr. D.Del. 2010). Where, as anticipated here, the policy provides direct coverage to the debtor or coverage to the debtor *and* the directors and officers (as opposed to coverage only to the officers and directors), the proceeds are held to be property of the estate. *Id.*

9. Aviva requests the Court lift the automatic stay and contends that numerous grounds exist for the Court to do so as follows:

  a. 11 U.S.C. § 362(d)(1) – for "cause" because Debtor's alleged actions are at the core of the Plaintiffs' claims in the Civil Action, Debtor was a fiduciary and Aviva's ability to discover and potentially assert contribution and indemnification claims against the Debtor's surety is critical in order for all claims therein to be fully and fairly litigated; and

      b. 11 U.S.C. § 362(d)(2) – Debtor does not have any equity interest in the Civil Action and it is not necessary to an effective reorganization because the Debtor has filed a Chapter 7 liquidation case.

10. Under 11 U.S.C. § 362(d)(1), the Court may lift the stay that would otherwise prevent claimants with available civil actions against the Debtor from proceeding with those actions. Section 362(d)(1) provides that grounds to lift the stay exist "for cause, including the lack of adequate protection of an interest in property of such party in interest." <u>Collier on Bankruptcy</u> adds more weight to Aviva's demonstration of "cause" in support of its Motion for Relief in this circumstance due to the insurance and fiduciary duty aspects of the underlying Civil Action by stating:

> Lack of adequate protection and lack of equity are not the sole grounds for relief from the stay....proceedings in which the debtor is a fiduciary…need not be stayed since they bear no real relationship to the purpose of the stay which is to protect the debtor and the estate from creditors. Where the claim is one covered by insurance or indemnity, continuation of the [civil] action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff.

2 <u>Collier on Bankruptcy</u> § 362.07[3] (15th ed. 1980) (internal citations omitted); *In re Gerstenzang*, 52 F.2d 863, 864 (S.D.N.Y. 1931) ("Where a creditor's rights against a surety are contingent upon recovery of a judgment against the bankrupt, permission to prosecute suit in the state courts to this extent is frequently given.")

11. In considering this Motion, the Courts have adopted a three-factor test: (1) whether any great prejudice to either the bankrupt estate or the debtor will result from the lifting of the stay; (2) whether the hardship to the movant from maintenance of the stay outweighs the hardship to debtor; and (3) the probability of the movant prevailing on the merits. *In re Downey, supra,* at 609. This Court has commonly granted relief from the stay to permit plaintiffs in pending actions to pursue their claims, so long as those movants agree to limit their recovery to the available insurance proceeds. *See, e.g., In re Innovative Communications Corporation,* Case No. 07-30012 (JFK), Docket Entry 2232 (Bankr. V.I. 2011) (*Order Granting*

4

*Relief from Stay*, attached as **Exhibit B**); *In re Innovative Communication Corporation*, Case No. 06-30008 (JFK), Docket Entry 1933 (Bankr. V.I. 2011) (*Order Granting Relief from Stay*, attached as **Exhibit C**).

12.    In this case, all three factors are satisfied. First, there is likely insurance to cover any judgment or settlement that could result from the Civil Action. Second, failing to lift the stay will cause real and tangible hardship to Aviva if it is not permitted to proceed with discovery and to potentially assert its third party claims. Discovery of whether such insurance coverage exists is a reason to support the lift of the stay. *In re Wyatt*, 2007 WL 2123734, *3 (Bankr. D.N.H. 2007) (granting relief from the automatic stay for the limited purpose of determining the existence and extent of any insurance coverage).

13.    Further, Plaintiffs' claims against Aviva are solely because of the Debtor's alleged agency relationship with Aviva. Because Debtor's negligent and fraudulent actions are at the core of the claims in the Civil Action, Debtor's insurance coverage for its errors and omissions is critical to the full and fair litigation of the matter. Any hardship caused by the involvement of Debtor, through its surety, is outweighed by the prejudice to Aviva and Plaintiffs if the Motion was not granted.

14.    Finally, as for the likelihood of success on the merits, only a "slight probability" is sufficient to support lifting of the stay. *In re Downey, supra,* at 610. That minimal threshold is satisfied here, as the attached Complaint clearly states facts that support a successful third-party cause of action against the Debtor.

15.    Aviva further requests the Court to enter an order limiting service of the Motion under Bankruptcy Rule 2002(m) to the Debtor, the Chapter 7 Trustee and any party filing a proof of claim prior to the filing of this Motion. As the schedules reveal, there will be no recovery for unsecured creditors in this Chapter 7 case, since there are over $284 million in claims and less than $1,000 in assets. There are over 390 creditors listed on the matrix, and it would be an

unnecessary burden to serve them all with a copy of this Motion when they have no conceivable interest therein.

   **WHEREFORE,** Aviva prays the Court enter an Order:

   (a) lifting the automatic stay to the limited extent set forth above, and authorizing Aviva to prosecute the Federal Court Action, including discovery and any and all claims against Debtor's Errors and Omissions' policy to that extent and alternatively for an adjudication of the Debtor's fault in the underlying Civil Action, with judgment entered therein but without any execution or enforcement of any such judgment as against Debtor;

   (b) providing it is effective immediately upon entry and that the ten (10) days stay provided for in Bankruptcy Rule 4001(a)(3) shall not apply;

   (c) permitting service of this Motion to be limited to the Trustee, U.S. Trustee, Debtor's counsel and any party who had filed proofs of claims as of the date of this motion; and

   (d) for such other and further relief as the Court deems just and equitable.

Dated this 27th day of February, 2012.

          Respectfully Submitted,

          **DUDLEY, TOPPER AND FEUERZEIG, LLP**

By: s/ Gregory H. Hodges
   Gregory H. Hodges (V. I. Bar No. 174)
   1000 Frederiksberg Gade (P.O. Box 756)
   St. Thomas, VI 00804
   Telephone: (340) 715-4405
   Telecopier: (340) 715-4400
   Email: ghodges@dtflaw.com

   Attorneys for Aviva Life & Annuity Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of February, 2012, a true copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing on the following:

Adam Hoover, Esq.
Law Offices of Adam Hoover
P.O. Box 24342
Christiansted, VI 00824
Email: ahoover@attglobal.net

Benjamin A. Currence, Esq.
Law Offices of Benjamin A. Currence
12 Norre Gade – 2nd Floor
P.O. Box 6143
St. Thomas, VI 00804
Email: currence@surfvi.com

Guy G. Gebhardt, Esq.
Office of the United States Trustee
75 Spring Street – Suite 362
R. Russell Building
Atlanta, GA 30303
Email: guy.gebhardt.@usdoj.gov


                                    s\ Gregory H. Hodges


R:\DOCS\6116\1\DRFTPLDG\13E1988.DOC